IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNDERWOOD RESOURCES, LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:15-CV-1024-L** |
| **BRIGADIER OIL & GAS, LLC,** *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Conduct Jurisdiction Discovery and Extend Time to Respond to Motions to Dismiss (Doc. 57), filed June 16, 2015. The motion is opposed. After considering the motion, basis for discovery, and applicable law, the court **denies without prejudice** Plaintiff's Motion to Conduct Jurisdiction Discovery and Extend Time to Respond to Motions to Dismiss (Doc. 57).

Plaintiff requests that it be allowed to conduct jurisdictional discovery before responding to Defendants' motions to dismiss for lack of subject matter jurisdiction. Plaintiff also requests an extension to respond to Defendants' motions until twenty-one days after such discovery is complete. Plaintiff contends that, to respond to Defendants' motions, it is necessary for it to conduct discovery to determine the residency of the parties to establish that complete diversity of citizenship exists between the parties. Plaintiff asserts that Defendants' motions also put at issue Plaintiff's residency. According to Plaintiff, the only way to address these issues is through limited discovery and by

**Memorandum Opinion and Order - Page 1**

requiring each of the remaining Defendants to produce affidavits identifying "the names, addresses, residences and principal places of business for all individuals, general partners, limited partners, members, trustees and/or beneficiaries." Pl.'s Mot. 5.

As the party opposing dismissal and requesting discovery, Plaintiff bears the burden of demonstrating the necessity of discovery. *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013); *Freeman v. United States*, 556 F.3d 326, 341-42 (5th Cir. 2009). A party is "not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Id.* at 342. For the reasons that follow, the court concludes that Plaintiff has not met its burden of demonstrating the necessity of discovery.

Plaintiff conflates citizenship and residency, although the two are not synonymous. *Parker v. Overman*, 59 U.S. 137, 141 (1855). Plaintiff also appears to have a fundamental misunderstanding of what is necessary to establish diversity of citizenship and therefore misconstrues the basis for Defendants' motions to dismiss, which is not Plaintiff's failure to plead Defendants' residency. For diversity purposes, a natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). Thus, citizenship in this context means domicile, and "mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

Different or additional rules apply to parties that are not natural persons. A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners.

**Memorandum Opinion and Order - Page 2**

*Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).  The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).  A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).  The citizenship of a trust is that of its trustees.  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (citation omitted); *Mullins v. Testamerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009) (footnote omitted).  The citizenship of a trustee who possesses "customary powers to hold, manage, and dispose of assets for the benefit of others" is determined by the citizenship of the trustee, not the trust beneficiaries.  *Navarro Sav. Ass'n*, 446 U.S. at 464 (footnote omitted).  Control of the assets held in the name of the trustee must be "real and substantial." *Id.* at 465.

In its First Amended Complaint, Plaintiff has alleged facts regarding the residency of Defendants, and as far as the court can tell, Defendants do not contend that Plaintiff's jurisdictional pleadings are deficient for failure to allege the residency of Defendants.  Defendants instead appear to contend, among other things, that Plaintiff's residency allegations are insufficient alone to establish diversity of citizenship.  Defendants are correct in asserting that a person's residency alone is insufficient as a matter of law to establish citizenship.  *In other words, Plaintiff must allege more than mere residency to establish citizenship, and such allegations must affirmatively and distinctly set forth the basis for a party's citizenship.*  "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil, Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).  The court,

**Memorandum Opinion and Order - Page 3**

therefore, concludes that Plaintiff's request for discovery regarding Defendants' residency, which Plaintiff has already alleged, is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion. Further, Plaintiff should not need discovery regarding its own residency or citizenship to respond to Defendants' motions to dismiss for lack of subject matter jurisdiction.

Plaintiff also fails to explain why it needs discovery regarding the "principal places of business for all individuals, general partners, limited partners, members, trustees and/or beneficiaries." Pl.'s Mot. 5. Plaintiff's First Amended Complaint sets forth the principal places of business for several entities, and Plaintiff does not identify the specific Defendants for which it needs the principal places of business. Moreover, for purposes of diversity, a party's principal place of business is only relevant for corporations, not "individuals, general partners, limited partners, members, trustees and/or beneficiaries." *Id.* Accordingly, the court concludes that Plaintiff has not met its burden with respect to this requested discovery, and such discovery will not likely produce the facts needed to withstand Defendants' Rule 12(b)(1) motions.

For all of these reasons, the court **denies without prejudice** Plaintiff's Motion to Conduct Jurisdiction Discovery (Doc. 57). The court, nevertheless, **grants in part** Plaintiff's Motion to Extend Time to Respond to Motions to Dismiss, to the extent that Plaintiff's deadline to respond to all motions to dismiss (Docs. 43, 46, 49, 50, 51, 52, 53) is extended to **June 29, 2015.**

**It is so ordered** this 18th day of June, 2015.

                                               Sam A. Lindsay
                                               United States District Judge